UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOSH SMALL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Nos. 3:21-CV-423 |
| | )         3:18-CR-137 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM OPINION

Before the Court is Josh Small's ("Petitioner's") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket ("Crim.") Doc. 130].[1] The United States has responded in opposition [Doc. 8], and Petitioner filed a reply [Doc. 17]. Petitioner also filed a motion to appoint counsel. [Doc. 2]. For the reasons below, Petitioner's motion for counsel [Doc. 2] will be **DENIED** and his § 2255 motion [Doc. 1; Crim. Doc. 130] will be **DENIED**.

I.  BACKGROUND

In April 2019, Petitioner and one co-defendant were charged in a six-count second superseding indictment pertaining to conspiracy to kidnap, kidnapping, brandishing a firearm in relation to a crime of violence, and being a felon in possession of a firearm. [Crim. Doc. 39]. Petitioner was named in four counts. [*See id*.]. Prior to trial, the United

---

[1] Document numbers not otherwise specified refer to the civil docket.

States moved to dismiss Counts 3-6 of the second superseding indictment and proceeded only on Counts 1 and 2. [Crim. Doc. 61]. On July 10, 2019, after a 3-day trial, the jury returned a verdict of guilty as to Counts 1 and 2 of the second superseding indictment. [Crim. Doc. 69].[2]

Prior to sentencing, a Revised Presentence Investigation Report ("RPSR") was prepared. The RPSR calculated a total offense level of 36 and a criminal history category of IV, resulting in a guideline range of 262 to 327 months. [Crim. Doc. 84, ¶ 94]. The Government filed a notice of no objections to the PSR. [Crim. Doc. 74]. The Government also filed a sentencing memorandum and a motion for an upward variance wherein it concurred that the advisory guideline range was correct, but requested the Court impose a lifetime term of imprisonment. [Crim Doc. 81]. Petitioner, through counsel, did not file an official objection to the RPSR, but raised an objection to the two-level enhancement pursuant to U.S.S.G. § 3A1.1(b)(1) for an unusually vulnerable victim. [Crim. Doc. 83]. Petitioner, through counsel, filed a sentencing memorandum, requesting the Court not apply the enhancement for a vulnerable victim and sentence Petitioner within the adjusted guideline range of 210 to 262 months. [Crim. Doc. 80].

On January 28, 2020, the Court sentenced Petitioner to a total of 360 months' imprisonment and then five years of supervised release. [Crim. Doc. 99]. Petitioner filed a notice of appeal [Crim. Doc. 103], but the Court of Appeals affirmed Petitioner's sentence on February 11, 2021. [Crim. Doc. 124]. Petitioner filed for a writ of certiorari [Crim. Doc.

---

[2] The Court incorporates by reference the facts of the case as set forth in the Offense Conduct section of the RPSR. [Crim. Doc. 84, ¶¶ 15-30].

127] which was denied by the Supreme Court on October 7, 2021. On December 20, 2021, Petitioner filed this timely § 2255 motion.

## II. STANDARD OF REVIEW

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to obtain post-conviction relief under § 2255, the motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). To obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

3

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

### III. ANALYSIS

As an initial matter, Petitioner seems to raise nine claims in this § 2255 motion: 1) Petitioner challenges the legality of his arrest, 2) ineffective assistance of counsel for failing to follow up on "a cruel and unusual punishment hearing schedule for September

4

24, 2018," 3) ineffective assistance of counsel for failing to file a motion to dismiss due to Petitioner's illegal arrest, 4) ineffective assistance of counsel for neglecting to file a motion to suppress illegally seized evidence, 5) ineffective assistance for not allowing Petitioner to view discovery or Brady material; 6) prosecutorial misconduct for withholding exculpatory evidence from the jury, 7) ineffective assistance for allowing the Government to fabricate and change eyewitness statements and descriptions, 8) that the Court violated Petitioner's First Amendment by rushing him to silence, and 9) that witnesses lied during trial and misrepresented facts to the jury. [Doc. 1; Crim. Doc. 130]. The Court will first address Petitioner's motion for counsel before addressing Petitioner's § 2255 claims.

### A. Petitioner's Motion for Counsel [Doc. 2]

As to Petitioner's motion to appoint counsel [Doc. 2], there is no constitutional right to counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (observing that the "right to appointed counsel extends to the first appeal of right, and no further"); *Foster v. United States*, 345 F.2d 675, 676 (6th Cir. 1965) (noting that the constitutional right to counsel does not extend to collateral proceedings). Even so, a district court has discretion, under 18 U.S.C. § 3006A(a)(2), to appoint counsel when "the interests of justice so require." *See Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). In exercising discretion as to whether to appoint counsel, a court should consider several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

Here, Petitioner states that his § 2255 motion "has constitutional as well as human right violations that need to be raised" as well as "a wrongful conviction that needs to be raised post-conviction" in a § 2255 proceeding that the "appellate court left open." [Doc. 2]. As discussed in this memorandum opinion, Petitioner has adequately presented his claims to the Court without the benefit of counsel, and the Court has found the issues to be without merit. Petitioner has failed to offer any material facts that would justify the appointment of counsel. Accordingly. his motion for counsel [Doc. 2] will be **DENIED**.

### B. Petitioner's § 2255 Motion [Doc. 1; Crim. Doc. 130]

#### a. Claims 1 and 9

Except for a claim of ineffective assistance of counsel, a federal prisoner's failure to raise a claim on direct appeal results in a procedural default of that claim. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). For a federal prisoner to obtain review of a defaulted claim in a § 2255 motion, he must show cause to excuse his failure to raise the claim previously and actual prejudice resulting from the alleged violation. *Bousley*, 523 U.S. at 622; *Peveler*, 269 F.3d at 698-700. If a Petitioner cannot show cause and prejudice, he may be able to obtain review, if his case falls within a narrow class of cases permitting review to prevent a fundamental miscarriage of justice, such as when new evidence shows that a constitutional violation has probably resulted in a conviction of one who is actually innocent. *Bousley*, 523 U.S. at 622-23, citing *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

The Court finds that Petitioner's Claims 1 and 9 are procedurally defaulted as Petitioner did not raise any of these issues on appeal. *See Massaro v. United States*, 538

6

U.S. 500, 504 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice.") (citing *United States v. Frady*, 456 U.S. 152, 167-168 (1982), and *Bousley*, 523 U.S. at 621–22). Petitioner has also not attempted to show cause for failing to raise these issues on appeal nor has he attempted to show prejudice from not reviewing these claims on appeal. Further, Petitioner has not provided new evidence that a constitutional violation occurred resulting in conviction of someone who is actually innocent. Accordingly, Petitioner's Claims 1 and 9 will be **DENIED** as procedurally defaulted.

### b. *Claim 8*

Petitioner's Claim 8 alleges that the Court "rushed to silence [Petitioner] from petitioning . . . for absolution." [Doc. 1; Crim. Doc. 130]. The Court liberally construes this claim to refer to the Court's denial of Petitioner's *pro se* motions while he was represented by counsel. However, this argument was already raised and litigated on direct appeal. In its order affirming Petitioner's conviction, the Court of Appeals noted that "[i]t is well settled that there is no constitutional right to hybrid representation" and that the Court's local rules prohibit a defendant from representing himself *pro se* after appearance of counsel. [Crim. Doc. 124]. As the Sixth Circuit has said, "absent highly exceptional circumstances," "a § 2255 motion may not be employed to relitigate an issue that was already raised and considered on direct appeal." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). Accordingly, Petitioner's Claim 8 will be **DENIED** as previously litigated.

### c. *Claim 6*

Petitioner's claim of prosecutorial misconduct, Claim 6, revolves around an alleged *Brady* violation. Petitioner alleges that the United States withheld exculpatory evidence from the jury, but he does not state what exculpatory evidence was withheld. "To prevail on his prosecutorial misconduct claims, [Petitioner] must show that the prosecutor's conduct so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Jones v. United States*, No. 17-5404, 2017 WL 8791898 at *5 (6th Cir. Nov. 1, 2017) (internal quotation marks and citations omitted). Petitioner's prosecutorial misconduct claims are constructed on alleged *Brady* violations. To prevail on a *Brady* claim, Petitioner must show: (1) the existence of exculpatory or impeaching evidence favorable to the accused; (2) the suppression of the evidence by the prosecution; and (3) ensuing prejudice to the defense. *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999).

Here, Petitioner has not provided any exculpatory or impeaching evidence favorable to him, let alone any suppressed by the prosecution. Neither does the record suggest that any exculpatory evidence was excluded from the jury. There is simply nothing in the record supporting Petitioner's claim of a *Brady* violation or any prejudice that resulted from any identified *Brady* violation. Accordingly, Petitioner's prosecutorial misconduct claim, Claim 6, will be **DENIED**.

### d. Claims 2-5 and 7

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. A criminal defendant's Sixth Amendment right to counsel necessarily implies the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466

U.S. 668, 687 (1984). Under the *Strickland* standard for proving ineffective assistance of counsel, a movant must show: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Id*.

To prove deficient performance, the movant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. The appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Id*. at 688. A movant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). It is strongly presumed that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 690.

The prejudice prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." *Id*. at 687. The movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[.]" *Id*. at 703. Counsel is constitutionally ineffective only if a performance below professional standards caused the defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

1. *Claim 2*

Petitioner first faults counsel for failing to follow up on a "cruel and unusual punishment hearing" scheduled for September 24, 2018. The Government contends that Petitioner is possibly referring to a detention hearing that Petitioner waived. *See* [Crim. Doc 10]. Petitioner offers no factual support for this claim, nor does he explain how his attorney was ineffective or how he was prejudiced by any alleged ineffectiveness. As this claim is conclusory and without factual support, the Court can reject this contention as insufficient to sustain the motion. *See Ushery v. United States*, No. 20-5292, 2020 U.S. App. LEXIS 21840, at *3–4 (6th Cir. July 14, 2020). If Petitioner was referring to a detention hearing, as stated above, Petitioner signed a waiver, waiving his right to a detention hearing. [Crim. Doc. 10]. As Petitioner was the one who decided to waive the detention hearing, counsel cannot be faulted for Petitioner's decisions. Accordingly, Petitioner has not met his burden of proof as to Claim 2, and it will be **DENIED**.

2. *Claims 3 and 4*

Petitioner next faults counsel for failing to file a motion to dismiss and a motion to suppress based on alleged Fourth Amendment violations. Petitioner's arguments fail at Petitioner's second step. He has not shown prejudice as he has not shown that he would have succeeded on a motion to suppress or a motion to dismiss. Petitioner has not shown that there was a Fourth Amendment violation which would warrant suppression of evidence. *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999) ("[c]ounsel could not be constitutionally ineffective for failing to raise . . . meritless arguments."); *see also Brown v. McKee*, 231 F. App'x 469, 475 (6th Cir, 2007) ("failure to bring a meritless suppression motion cannot constitute ineffective assistance."). Even if the warrant for Petitioner's arrest

was defective, the officers certainly had probable cause for an arrest based on the facts and circumstances the officers knew at the time. *United States v. Price*, 841 F.3d 703, 706 (6th Cir. 2016); *see also* [Crim. Doc. 87; pp. 94-102]. Accordingly, Claims 3 and 4 will be **DENIED** as Petitioner has not established prejudice.

### 3. Claim 5

Petitioner also faults counsel for failing to review discovery and Brady material with him. Petitioner does not specify what evidence was withheld from him, nor does he state how the evidence would have affected the outcome of his case. As this claim is conclusory and without factual support, the Court can reject this contention as insufficient to sustain the motion. *See Ushery*, No. 20-5292, 2020 U.S. App. LEXIS 21840, at *3–4. Further, Petitioner's claim is contradicted by the record and not credited. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Petitioner stated in a *pro se* motion in his underlying criminal case that his attorney visited him in jail and handed him a discovery packet. *See* [Crim. Doc. 34, p. 2]. Accordingly, Claim 5 will be **DENIED** as Petitioner has not provided sufficient factual support and this claim is contradicted by the record.

### 4. Claim 7

Lastly, Petitioner faults counsel for allowing the Government to change and fabricate witness statements and evidence. Petitioner points to inconsistent testimony involving who cut duct tape off the victim. [Doc. 1; Crim. Doc. 130]. First, the Court notes that the jury is responsible for determining witness credibility, not the judge on collateral review. *United States v. Castano*, 906 F.3d 458, 465 (6th Cir. 2018). Second, Petitioner has not stated what his attorney should have done differently, nor has he shown that his attorney

11

Case 3:21-cv-00423-RLJ-DCP   Document 18   Filed 08/24/22   Page 11 of 13   PageID #: 132

acted unreasonably based on prevailing professional norms. Finally, Petitioner has not established prejudice as he has offered no evidence that who cut the duct tape influenced his conviction or sentence. Accordingly, Petitioner's Claim 7 will be **DENIED** as he has not established ineffective assistance of counsel.

### IV. CONCLUSION

For the reasons above, Petitioner's motion for counsel [Doc. 2] will be **DENIED** and his § 2255 motion [Doc. 1; Crim. Doc. 130] will be **DENIED** and **DISMISSED**.

### V. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined Petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge
